IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>        Plaintiff,<br><br>   v.<br><br>EDMUND G. BROWN, JR, ET AL.,<br><br>        Defendants.                  / | No. C 13-01940 CRB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTIONS TO DISMISS** |

In this civil rights action, Plaintiff Stephen B. Turner, appearing *pro se*, seeks declaratory and injunctive relief for "the illegal confiscation of the plaintiff's medical diploma." Compl. at 1 (dkt. 1). The Defendants in the case are Governor Edmund G. Brown, the State of California, and District Attorney George Gascon. Now before the Court are Defendants' motions to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). The Court GRANTS the motions.

I.   BACKGROUND

Turner alleges that he graduated from the University of Health Sciences/Chicago Medical School and received a degree and diploma of "Doctor of Medicine." Compl. at 4 (dkt. 1). In 1981, Turner received a California medical license. Id. at 3. In 1999 Turner surrendered his license in lieu of disciplinary action. Id. In 2006 Turner was arrested on criminal charges and his diploma was seized as evidence and never returned. Id.

Turner's complaint challenges the Constitutionality of Cal. Bus. & Prof. Code § 2054 and "the illegal confiscation of plaintiff's medical diploma in violation of the First and Fourteenth Amendments." Compl. at 1. Cal. Bus. & Prof. Code § 2054 prohibits plaintiff from holding himself out as a medical doctor or using the terms "Dr." and "M.D." absent a license. Turner seeks: (1) an injunction preventing Governor Brown from enforcing Cal.

Bus. & Prof. Code § 2054; (2) the return of his medical diploma; and (3) a declaration that Cal. Bus. & Prof. Code § 2054 is unconstitutional. Id. at 4-6.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). For purposes of evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Id.

## III. DISCUSSION

### A. The Statute of Limitations Bars Turner's Claim against The City.

The City of San Francisco, on behalf of defendant District Attorney George Gascon ("City"), argues that "Turner's federal claims are barred by the applicable statute of limitations" and thus dismissal without leave to amend under Fed. R. Civ. Pro. 12(b)(6) is appropriate. City's Mot. to Dism. at 2 (dkt. 16). Turner brings his claim against the City under 42 U.S.C. § 1983. The Supreme Court instructs that for 1983 claims, federal courts are to apply the applicable state statute of limitations for torts. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 725 (1999). California law establishes a two year statute of limitation for tort actions. Cal. Civ. Proc. Code § 335.1. Here, Turner's action dates from 2006 when his diploma was seized but his complaint was not filed until 2013, well after the two year statute of limitations had elapsed.

Turner argues that the statute of limitations does not apply because of the continuing violation doctrine. Opp'n. to City's Mot. to Dism. (dkt. 19) at 3. "The continuing violations doctrine extends the accrual of a claim if a continuing system of discrimination violates an individual's rights up to a point in time that falls within the applicable limitations period." Douglas v. California Dep't of Youth Auth., 271 F.3d 812, 822 amended, 271 F.3d 910 (9th

Cir. 2001) (internal quotations omitted). That doctrine does not apply where, as here, there is a single action or decision even if it carries lasting or ongoing consequences. See, e.g., Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (holding that "the continuing violation doctrine is inapplicable" where subsequent and repeated denials of [a lawyer's] privileges with her clients is merely the continuing effect of the original suspension."). Therefore, Turner's claim against the City is dismissed without leave to amend.

### B. No State Action is Being Challenged.

Turner fails to allege any particular state enforcement action. "For adjudication of constitutional issues, 'concrete legal issues, presented in actual cases, not abstractions,' are requisite." United Public Workers v. 13-1940, 330 U.S. 75, 89 (1947) (citations omitted). A justiciable controversy "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. v. Haworth, 300 U.S. 227, 240-41 (1937) (citations omitted). Here, the complaint does not present any case or controversy and thus the action is nonjusticiable.[1] Therefore, the Court grants the motions to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss.

**IT IS SO ORDERED.**

Dated: September 12, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The State of California also argues that Turner lacks standing because he has failed to show any concrete or particularized injury. State's Mot. to Dism. (dkt. 21) at 5 citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Because the action is nonjusticiable, the Court does reach this or other arguments Defendants raise.

3